UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re: )
)
)  Case No.: 20-13146-KHT
LIQUID COLLECTIVE, LLC )
)  Chapter 11
)
Debtor. )

MILWAUKEE BREWING COMPANY, LLC's OBJECTION TO
DEBTOR'S MOTION TO COMPEL TURNOVER OF ESTATE PROPERTY

Milwaukee Brewing Company, LLC ("MBC"), by its undersigned counsel, objects to the Debtor's Motion to Compel Turnover of Estate Property. The Debtor's Motion is supported by a lengthy recitation of falsehoods, defamatory assertions, and insults, the great majority of which are superfluous and irrelevant to the Motion. However, the Debtor's Motion fails to cite any legal authority for the extraordinary relief it seeks. MBC categorically denies the majority of the assertions made in the Debtor's Motion and supporting declarations, and specifically denies that it is in possession of any property belonging to the Debtor's bankruptcy estate. Indeed, as a result of its business relationship with the Debtor and its principals, MBC has a receivable of not less than $570,939, arising from the Debtor's failure to perform its contractual obligations to MBC and Drink Design Collective, the entity they jointly operate.

Furthermore, the Motion is procedurally improper and must be denied on that basis alone. The Debtor requests - <u>by motion</u> - an order from this Court requiring eight non-party individuals and entities to turnover property and be compelled to take certain other actions (Debtor's Motion, ¶¶ 37, 64). The Motion is defective and frivolous on its face, as only one of the eight individuals and entities against whom relief is sought was served with a copy of

1

the Motion. This is to say that the Debtor's Motion appears to ask this Court to grant relief against seven out of state individuals and businesses on an *ex parte* basis. Moreover, to the extent this Court is an appropriate venue for adjudication of this non-core business dispute, the relief requested is governed by Bankruptcy Rule 7001 and should have been filed as an adversary proceeding, with a summons and complaint duly served on the parties against whom a turnover order and related relief is sought.

The Motion is patently frivolous, an attempt to use the power of this Court to bully MBC and other entities in the context of a business dispute governed by Wisconsin law, and serves no legitimate bankruptcy purpose. It is a waste of the Court's time and a burden on the Court's staff and other resources, the U.S. Trustee's office, MBC, its professionals and counsel, and any other creditors or non-parties whose interests it purports to attack. Accordingly, MBC respectfully asks this Court to deny the Motion. MBC reserves its right to seek sanctions pursuant to Bankruptcy Rule 9011 in the amount of MBC's attorney fees and costs, together with such other relief as the Court may determine to be just and appropriate.

### Legal Standard Regarding Actions to Compel Turnover of Property of the Estate

The Bankruptcy Code addresses turnover of property of the estate at 11 U.S.C. § 542 (relating to estate property held by a non-custodial entity) and § 543 (relating to property held by a "custodian," as defined at 11 U.S.C. § 101(11)).[1] 11 U.S.C. §§ 542, 543. Section 542 applies to a non-custodial entity which is in possession, custody, or control of estate property where the property is of a type that a trustee may use, sell, or lease, to the benefit of creditors. *Id.* Additionally, § 521 (a)(4) of the Bankruptcy Code ("Debtor's Duties")

---

[1] The Debtor's Motion does not seek relief under § 543 nor does it allege that MBC or any other party is a "custodian" as required by that section.

requires the Debtor to turnover property of the estate to a trustee appointed to serve in the case.

Federal Rule of Bankruptcy Procedure 7001(1) provides that "a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee" shall be commenced as an adversary proceeding. FR Bankr P 7001(1) (inapplicable exceptions omitted).

Federal Rule of Bankruptcy Procedure 9014, relating to contested matters decided on motion, applies to disputes "not otherwise governed by these rules." FR Bankr P 9014(a). In other words, disputes may be resolved by motion only if such disputes are not identified in Rule 7001. *See*, FR Bankr P 9014 Advisory Committee Note, 1983 ("Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter.")

Whereas the Bankruptcy Rules allow a trustee to compel the Debtor to comply with its § 521 statutory turnover duty by motion, "[a] proceeding to obtain turnover of money or property from a nondebtor is an adversary proceeding which is governed by Bankruptcy Rule 7001(1)." Michael L. Cook, *Bankruptcy Litigation Manual*, § 7.01[A] p. 7-3 – 7-4, (2015-16) (citations omitted).

## Argument

The Debtor's Motion is procedurally improper and should be dismissed. Additionally, the Motion lacks legal merit and is presented for purposes of harassment, is not warranted by existing law or by a non-frivolous extension of existing law, and lacks evidentiary or legal support for the relief it seeks. MBC reserves its right to file an appropriate motion under Bankruptcy Rule 9011 and, alternatively, respectfully asks this Court to enter an order to the

3

Debtor and its counsel to show cause why they should not be sanctioned in the form of payment of MBC's reasonable attorney's fees and costs in responding to this Motion.

1. <u>**The Debtor's Motion is Procedurally Defective**</u>

The first reference to any statutory authority in the Debtor's Motion appears at paragraph 66, where the Debtor quotes the text of § 542(a) and, without argument or citation to authority, asks the Court to enter an order "compelling the named parties" to turnover cash and other property. The Motion further requests, at paragraph 64, that the "parties named in this motion" be ordered to respond to a list of vague, nonsensical questions. By the "named parties," the Debtor is presumably referring to the three entities and five individuals listed at paragraph 37 (a-h) of the Motion – only one of whom (MBC) was served with a copy of the Motion. *See*, Notice of Motion, Docket #16.

Section 542(a) is manifestly inapplicable to the relief sought in the Motion, and the Debtor's supporting documents are understandably devoid of any authority or argument as to how this section authorizes the extraordinary relief it requests. The procedure chosen by the Debtor to obtain the relief it seeks offends fundamental notions of notice, procedure and due process. The plain language of the Bankruptcy Rules, as well as common practice and common sense, mandate that an action to compel a non-debtor entity to turnover or pay funds to a bankruptcy estate requires an adversary proceeding which must be commenced by a properly filed and served summons and complaint under Bankruptcy Rule 7001.[2] *See,*

---

[2] MBC does not, by this objection, consent that this Court would have jurisdiction over an adversary proceeding relating to this business dispute, which is a contract dispute governed by Wisconsin law and a non-core matter. Core proceedings are those which have no existence outside a bankruptcy proceeding. A proceeding that does not invoke any substantive right under federal bankruptcy law and could have been brought in a District Court or state court of competent jurisdiction is a non-core proceeding. *Gardner v United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990). *See also, Shea & Gould v Red Apple Cos. (In re Shea & Gould)*, 198 B.R. 861, 864-868 (S.D.N.Y. 1996) (turnover proceeding is a core proceeding only when its purpose is collection of a matured claim, as opposed to creation or liquidation of a cause of action.) (citations omitted)

*Perkins v. Teachers' Ret. Sys. (Matter of Perkins)*, 902 F.2d 1254, 1258 (7th Cir. 1990) (turnover can be sought only through adversary proceeding and not through motion practice).

The Debtor's turnover Motion should be denied on procedural and due process grounds alone. See, 10 Collier *on Bankruptcy*, ¶ 7001.01 at 7001-4, *citing, inter alia, In re Haber Oil Co., Inc.*, 12 F.3d 426, 437-440 (5th Cir. 1994) ("Failure to commence an adversary proceeding when seeking the relief of the kind listed in Rule 7001 has resulted in the denial of the motion or dismissal of the proceeding."); *Matter of Perkins*, 902 F.2d at 1258 (7th Cir. 1990) (turnover proceeding commenced by motion rather than by complaint will be dismissed ... and a turnover order entered in an action commenced by motion will be vacated.) (citations omitted).

2. MBC Disputes the Factual Assertions Made in Support of The Debtor's Motion

A party seeking turnover of funds to a bankruptcy estate bears the burden of proof, by "clear and convincing evidence" that the disputed funds are property of the estate. *In re Amdura Corp.*, 75 F.3d 1447, 1451, (10th Cir 1996). The lengthy, convoluted recitation of assertions made in support of the Debtor's Motion notably lacks any coherent explanation as to how the property it seeks to have turned over (cash) actually constitutes property of the Liquid Collective bankruptcy estate (as opposed to merely stating a claim or cause of action regarding such funds.) As of the date of this filing, the Debtor's schedules and related filings remain deficient, having twice sought extensions of the deadline to file certain schedules, including its schedules listing assets and liabilities of the estate, as well as its statement of financial affairs.

MBC disputes the great majority of the assertions made in support of the Debtor's Motion. In the event this dispute proceeds before this Court, MBC will present evidence that

5

MBC and the Debtor engaged in a joint business effort pursuant to which MBC agreed to produce, package and ship alcoholic beverages under different brands, including "SUP!," a hard seltzer brand the Debtor is believed to own or control.  This business relationship was to be conducted under a partnership known as Drink Design Collective.  The terms of this joint effort were set forth in a non-binding written term sheet, and were subsequently amended and revised by the agreement and conduct of the parties.

While MBC has met all of its obligations under the parties' agreement, including producing, packaging, preparing for and arranging shipment, together with other input such as product development and management services, the Debtor has failed to make the contributions as it agreed.  The Debtor's actions have left MBC with a large receivable, extensive costs, and potentially a damaged reputation.  MBC was in the process of resolving the myriad of disputed issues when this bankruptcy case was filed.  If litigation regarding these parties' business dispute is necessary, any such litigation is non-core in nature and should proceed in a court of appropriate jurisdiction.

3. <u>The Debtor's Motion is Frivolous and Sanctionable Under Bankruptcy Rule 9011.</u>

The Debtor's Motion and supporting documents contain numerous irrelevant, defamatory, outrageous claims, including accusations of "stealing", "unlawful" conduct, "theft," "Mail Fraud," and what appears to be an allegation that MBC "disgracefully" failed to pay its employee's payroll ("MBC shoved families in the lurch making their own mortgage payments and such get returned as no good and knowingly did so by failing to fund and/or grabbing past payroll back out of employee bank accounts.") Debtor's Motion for Turnover, Docket #15 at pp. 4-5.  Without any evidentiary support or basis, the Motion accuses MBC of financial "irregularities," misrepresentations and other "egregious conduct."  Lengthy recitations of irrelevant yet inflammatory accusations such as appear in the Debtor's Motion

are a telltale indication that the pleading was filed for purposes of harassment, rather than an appropriate bankruptcy purpose relating to the administration of the Debtor's bankruptcy estate.

As discussed, the Debtor asks the Court to order turnover of cash, in addition to other obligations, all pursuant to the inapplicable provisions found in Bankruptcy Code sections 542 and 521. Debtor's Motion for Turnover, Docket #15 at pp. 9-10.

At best, the assertions in the Motion could be read to form the basis for a lawsuit in an appropriate state or federal court of competent jurisdiction. However, the relief sought in the motion is patently unavailable to the Debtor as a contested matter, neither warranted by existing law nor by a nonfrivolous argument for the extension of existing law. Accordingly, MBC reserves its right to move the Court for entry of sanctions against the Debtor and its counsel pursuant to Bankruptcy Rule 9011, and alternatively, respectfully asks this Court to enter an order directing the Debtor and its counsel to show cause why it should not be sanctioned pursuant to Rule 9011.

Dated this 2nd day of June, 2020.

        FALK LEGAL GROUP
        *Attorneys for Milwaukee Brewing Company, LLC*

By:    s/Christopher L. Rexroat

        Christopher L. Rexroat
        1037 North Astor Street
        Milwaukee, WI 53202
        Telephone; (414) 316-2120
        Email: crexroat@falklegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2020 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in the case.

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294

Robert Samuel Boughner
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Dever, CO 80294
Samuel.Boughner@usdoj.gov

Michael J. Davis
Davis Law Group, LLC
2255 Sheridan Boulevard
Ste St. C272
Edgewater, CO 80214
mdavis@mjdavislaw.com

Juliet A. Davison
Davison Law, LLC
PO Box 301087
Boston, MA 02130
juliet@davisonlawllc.com

Jordan M. Fox
Sherman & Howard, LLC
633 Seventeenth Street
Suite 3000
Denver, CO 80202
jfox@shermanhoward.com

*/s/ Christopher L. Rexroat*