UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| Liquid Collective LLC ) | Case No. 20-13146 KHT |
| Tax ID / EIN: 83-2667034 ) | Chapter 11 |
| Debtor. ) | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT

The United States Trustee ("UST"), by and through his counsel, moves the Court to dismiss or convert the bankruptcy cases of Liquid Collective, LLC, pursuant to 11 U.S.C. § 1112(b) and (e),[1] and as grounds therefor, states and alleges as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Pursuant to 28 U.S.C. § 586(a)(3), the UST is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc.* (*In re Columbia Gas Systems, Inc.*), 33 F.3d 294, 295-96 (3rd Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog"). Further, the UST has standing to be heard on this matter pursuant to 11 U.S.C. § 307.

### Background and Procedural History

4. On May 7, 2020, Liquid Collective, LLC ("Debtor") commenced this bankruptcy case under Chapter 11 of Title 11 of the United States Code.

5. The case was filed as a "skeletal" case, with only the Petition (Docket #1) being filed at the outset of the case.

---

[1] Unless otherwise indicated, all chapter, section, federal bankruptcy rule, and local bankruptcy rule references are to the Bankruptcy Code (the "Code"), 11 U.S.C. §§ 101-1532, the Federal Rules of Bankruptcy Procedure (the "Rules"), Rules 1001-9037, and to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Colorado.

1

6. On May 8, 2020, the Court entered a Notice of Deficiency (Docket #5) providing the Debtor with notice that it must file all schedules and the statement of financial affairs (among other documents) by May 21, 2020.

7. Following communications with the Debtor, the UST scheduled the Initial Debtor Interview ("IDI") for May 29, 2020, and the meeting of creditors ("341 Meeting") for June 11, 2020.

8. On May 18, 2020, the Debtor filed a Motion to Extend Time (Docket #14) requesting that the deadline to file all schedules and the statement of financial affairs as required by 11 U.S.C. § 521(a) be extended to May 27, 2020, which the Court granted by way of an Order (Docket #20) entered on May 21, 2020.

9. On May 26, 2020, the Debtor filed a Second Motion to Extend Time (Docket #25) requesting a further extension of the deadline to file all schedules and the statement of financial affairs to June 3, 2020, which the Court granted by way of an Order (Docket #28) entered on May 28, 2020. That Order contains a caveat that "No further continuances will be granted."

10. After the Debtor filed the Second Motion to Extend Time, the UST made arrangements to reschedule the IDI to June 4, 2020, so that the UST would have at least some opportunity to review the schedules and statement of financial affairs prior to conducting the IDI.

11. The Debtor failed to file the schedules and statement of financial affairs by the June 3, 2020 deadline.

12. The UST is unable to conduct a meaningful IDI and adequately prepare for the 341 Meeting without the filings of the schedules and statement of financial affairs as required by the Code.

## Arguments and Authority

13. Section 1112(e) specifically allows dismissal or conversion of a Chapter 11 case, as is in the best interest of creditors and the estate, where a debtor "fails to file, within fifteen days after the filing of the petition commencing such case or such additional time as the court may allow, the information required by paragraph (1) of section 521(a) . . . ."

14. In addition, Section 1112(b) provides that the Court shall dismiss or convert a chapter 11 case, whichever is in the best interest of creditors and the estate, "for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of the creditors and the estate." 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) contains a non-exclusive list of circumstances that constitute "cause," including a "failure to comply with an order of the court" or "unexcused failure to satisfy timely any filing or reporting requirement established by this title…."

2

15. In this case, the Debtor has failed to comply with the filing requirements of 11 U.S.C. § 521(a), and has failed to comply with the deadline to file those documents pursuant the Notice of Deficiency and this Court's Orders extending that deadine.

16. Accordingly, the Debtor's failure to timely file the schedules and statement of financial affairs in compliance with 11 U.S.C. § 521(a) provides a basis for dismissal or conversion under both 11 U.S.C. §§ 1112(b) and (e).

17. Because the schedules and statement of financial affairs have not been filed, the UST is unable to ascertain with any accuracy whether dismissal or conversion is in the best interest of creditors and the estate. However, the UST does note that the Debtor has asserted the existence of at least $140,000 in potential cash recoveries owed to the estate – *See* Motion for Turnover of Cash, Docket #40 – which absent further information would encourage conversion of the case to Chapter 7.

WHEREFORE, the UST respectfully requests that the Court enter an order dismissing or converting the above-captioned chapter 11 cases for cause under 11 U.S.C. § 1112(b) and (e), and for such other and further relief as the Court deems appropriate.

Dated: June 4, 2020.    Respectfully submitted,

PATRICK S. LAYNG
UNITED STATES TRUSTEE

/s/ R. Samuel Boughner
By: R. Samuel Boughner, #AR2010272
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO 80294
(303) 312-7252
(303) 312-7259 fax
Samuel.Boughner@usdoj.gov

3

## **CERTIFICATE OF SERVICE**

I hereby certify that copies of the **UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT,** and the **NOTICE,** and **PROPOSED ORDER,** were mailed, postage prepaid, or alternatively, service was provided through the CM/ECF system, on the date set forth below to the following persons and addresses.

Liquid Collective, LLC
575 St. Paul St.
Denver, CO 80206

Michael J. Davis, via CM/ECF

Juliet A. Davison, via CM/ECF

Christopher L. Rexroat, via CM/ECF

Jordan M. Fox, via CM/ECF

## **2002-1 Certificate of Service**

UST has requested that the foregoing Notice be mailed by the Clerk of Court, through the Bankruptcy Notice Center, on Creditors and parties in interest on the Court's Creditor Address Mailing Matrix for this case.

Dated: June 4, 2020.

/s/ R. Samuel Boughner
Office of the United States Trustee

4