**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

In re:

LIQUID COLLECTIVE LLC,

    Debtor.

Case No. 20-13146 KHT
Chapter 11

**ORDER CONVERTING CASE TO CHAPTER 7**
**AND REQUIRING ROBERT SCOTT BROOKS AND DRUE A. MOORE TO SHOW CAUSE**
**WHY THEY SHOULD NOT BE HELD IN CONTEMPT**

THIS MATTER comes before the Court on the United States Trustee's Motion to Dismiss or Convert (the "Motion," docket #39). Debtor did not file a response to the Motion. Two responses were filed, one by Milwaukee Brewing Company (docket #48), and one by Samuel C. Copeland and William A. Copeland, Jr. (the "Copelands") (docket #51). The Court has reviewed the documents and the file and is advised in the premises, and hereby finds and concludes as follows:

**I.    JURISDICTION AND VENUE**

This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within 28 U.S.C. § 157(b)(2)(A) because it involves matters concerning the administration of Debtor's estate. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

**II.    FACTUAL BACKGROUND**

On May 7, 2020, Liquid Collective, LLC ("Debtor") filed a voluntary Chapter 11 bankruptcy petition (docket #1). The petition was signed by Robert Scott Brooks ("Brooks"), who was listed as Senior Executive Reorganization Specialist, and the petition was filed by attorney Michael J. Davis ("Davis"). Drue A. Moore ("Moore") was listed as Debtor's sole member. The petition was not accompanied by the schedules and statement of financial affairs required by the Bankruptcy Code.

On May 8, the Court entered a Notice of Deficiency (docket #5) requiring Debtor to file its schedules and statement of financial affairs (among other documents) by May 21. On May 18, Debtor filed a Motion to Extend Time (docket #14), requesting the deadline be extended to May 27, which the Court granted by Order entered May 21 (docket #20). On May 26, Debtor filed a Second Motion to Extend Time (docket #25), requesting a further extension of the deadline to June 3. The Court granted the second extension by Order entered May 28 (docket #28) but held no further continuances would be granted. Debtor failed to file any of the required schedules or the statement of financial affairs by the June 3 deadline. On June 4, the U.S. Trustee filed its Motion, seeking dismissal or conversion of Debtor's case. Subsequently, Debtor failed to attend the § 341(a) meeting of creditors, scheduled for June 11.

Debtor did not file a response to the Motion. Two responses were filed, one by Milwaukee Brewing Company and one by the Copelands. The Court will discuss additional background related to each, taken from the docket in this case and in that of Harvard Cider Company. The Court makes no findings as to the truth of any of the assertions in the court documents cited.

- Milwaukee Brewing Company, along with other entities and individuals, was alleged to have taken over $144,771.53 in funds belonging to Debtor. On May 19, Debtor filed a Motion for Turnover (the "Motion for Turnover," docket #15), asking the Court to require the parties to return the funds. Debtor sought expedited entry of the Motion for Turnover (docket #18), which the Court denied without prejudice by Order entered May 20 (docket #19). Milwaukee Brewing Company filed an objection to the Motion for Turnover on June 2 (docket #35). In its response to the U.S. Trustee's Motion, Milwaukee Brewing asserts the Motion for Turnover has been resolved. The Court notes the Motion for Turnover has been withdrawn. No settlement has been presented to the Court for approval. The Court has not excused any party from its obligation to turn over property of Debtor's estate. This Court maintains jurisdiction over all property of Debtor's estate, wherever located.

- The Copelands assert Debtor's assets were fraudulently obtained from Harvard Cider Company, LLC, an entity in which Samuel Copeland was an original investor. On June 4, 2019, Winthrop Intelligence LLC, a creditor of Harvard Cider Company, filed an involuntary petition against Harvard Cider Company in this district, case number 19-14834-EEB. Moore signed the petition as Manager of Winthrop Intelligence, and Davis filed the petition. Brooks waived service of the summons. The Copelands asserted Brooks lacked authority to waive service on behalf of Harvard Cider. The petition was re-served on Harvard Cider's registered agent, and when Harvard Cider did not file a response, an order for relief was entered. Winthrop Intelligence then sought conversion of the case to one under Chapter 7. The Copelands objected. The parties resolved the dispute by agreeing to dismiss the bankruptcy case. The case was dismissed December 17, 2019. The Copelands filed a motion for attorney's fees, which was subsequently withdrawn, and the case was closed March 9, 2020.

### III. DISCUSSION

A bankruptcy court may dismiss a case or convert it to one under Chapter 7 on a showing of "cause." 11 U.S.C. § 1112(b)(1)-(2). Section 1112(b)(4) provides a nonexclusive list of grounds that may constitute "cause," including failure to comply with an order of the court, failure to satisfy filing or reporting requirements, failure to attend the § 341(a) meeting of creditors, and failure to provide information or attend meetings reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(E)-(H). Each of these grounds applies in this case. No party disputes the existence of cause for dismissal or conversion under § 1112(b), and the Court finds cause exists. No party has shown unusual circumstances set forth in § 1112(b)(2). The Court therefore finds dismissal or conversion to be appropriately granted.

The Court has considered which remedy, dismissal or conversion, would be in the best interest of creditors and the estate. Milwaukee Brewing Company has requested dismissal. While the Court takes that creditor's view into account, the Court is also concerned by the allegations raised in the Motion for Turnover, which the parties appear to have settled without appropriate notice and approval of this Court as required by the Bankruptcy Code and Rules of Bankruptcy Procedure. Dismissal would prevent any further inquiry into the allegations raised in the Motion for Turnover. The Court cannot find Debtor's creditors or the estate would be served by dismissal.

The Copelands have requested an order requiring Debtor to file schedules, so they can ascertain their preference for dismissal or conversion. The Court agrees schedules must be filed, but the Court will not delay its determination of the Motion pending the preparation of schedules and the Copelands' review of such schedules. This case involves multiple allegations of theft and fraud, which allegations deserve investigation by a neutral, independent Trustee. The Court finds

creditors and the estate would best be served by conversion, rather than dismissal. The Court will therefore convert Debtor's case to one under Chapter 7.

The Court will require Debtor to file a complete set of schedules and a statement of financial affairs within fourteen days of the date of this Order. The Court specifically finds Brooks, the person who signed Debtor's petition, and Moore, Debtor's sole member, are the persons responsible for ensuring the preparation and filing of Debtor's schedules and statement of financial affairs. Brooks and Moore may be able to work together to ensure the schedules and statement of financial affairs are signed under penalty of perjury and filed with the Court. But if not, then each person is required to file his own version of Debtor's schedules and statement of financial affairs, signed under penalty of perjury. If it is impossible for either individual to comply with this requirement, the individual must, within fourteen days of the date of this Order, file with this Court a statement signed under penalty of perjury explaining the circumstances of impossibility. If any individual does not file either the required schedules and statement of financial affairs or a statement sufficiently establishing impossibility, the Court will find that individual in contempt of Court and will impose a fine of $500 per day, per person (if applicable), until such time as the schedules and statement of financial affairs are filed, or a satisfactory explanation of impossibility is made. If the fine proves insufficient to compel compliance with this Order, the Court will consider other civil contempt sanctions, including incarceration pending compliance. The Court will require Davis to serve this Order on Brooks and Moore by email and by mail to each and every address Davis may have for each person, and to file proof of such service with the Court within two business days.

### IV. CONCLUSION

For the reasons discussed above, the Court will convert Debtor's case to one under Chapter 7. The Court will require Brooks and Moore to file Debtor's schedules and statement of financial affairs within fourteen days of the date of this Order, failing which that individual will be held in contempt of Court.

Accordingly, it is

HEREBY ORDERED that Debtor's case is CONVERTED TO CHAPTER 7. It is

FURTHER ORDERED that Robert Scott Brooks and Drue A. Moore must, within fourteen (14) days of the date of this Order, file with this Court (1) a complete set of Debtor's schedules and a statement of financial affairs, signed under penalty of perjury, or (2) a statement, signed under penalty of perjury, explaining why it is impossible for the individual to file Debtor's schedules and statement of financial affairs, failing which the individual(s) will be held in contempt of Court and fined $500 per day, per person (if applicable), until compliance. It is

FURTHER ORDERED that Davis must serve this Order on Brooks and Moore by email and by mail to each and every address Davis may have for each person, and to file proof of such service with the Court within two business days.

Dated July 10, 2020

BY THE COURT:

Kimberley H. Tyson
United States Bankruptcy Judge

3